**CV 16     5770**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SUSAN CHODKOWSKI, HELEN EBBERT,
GARY VOLPE, MATTHEW SARTER,
WENDY NEAL, DEBORAH PEDENZIN,
ROSANNA LAURO, DANIELLE
DAVIDSON and all others
similarly situated,

FILED
CLERK

2016 OCT 17  AM 11: 21

U.S. DISTRICT COURT

**FEUERSTEIN, J.**

**BROWN, M. J.**

                Plaintiffs,

Index No.:

**COMPLAINT**
Jury Demanded on all
Counts

       -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
CIVIL SERVICE COMMISSION

              Defendants.
-------------------------------------------------------X

## NATURE OF ACTION

1.  This is a collective and class action lawsuit brought by Plaintiffs individually and on behalf of other similarly situated individuals who have, and who currently work for the Defendants, County of Nassau, Nassau County Police Department and Nassau County Civil Service Commission , who are classified as non-exempt employees from the overtime requirements of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, *et seq.*, who are not paid an overtime premium for all hours worked in excess of forty (40) per week.

2.  Plaintiffs allege that Defendants violated the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by failing to pay Plaintiffs overtime premium pay for all

1

hours worked in excess of forty per week, and that Defendants acted in a manner that was willful and without good faith.

3. Plaintiffs further allege that Defendants' failure to pay compensation for all hours worked was made with a reckless disregard for Plaintiff's rights and in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*, including Part 142, section 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Age (Article 19 of the New York Labor Law).

4. Plaintiffs also allege that Defendants violated the requirements of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), by paying female plaintiffs less than it paid male employees who performed equal work.

5. Plaintiffs allege that Defendants violated the requirements of the New York State Equal Pay Act, N.Y. Labor Law § 194 *et seq.,* by paying female plaintiffs less than it paid male employees who performed equal work.

6. Plaintiffs allege that defendants violated Section 1307 of the Nassau County Government Law by failing to standardize salaries and conditions of employment in all departments, offices, institutions and agencies of the county, so that, as near as may be, equal pay may be given for equal work.

7. Plaintiffs also allege that Defendants have failed to comply with the Final Order and Judgment Granting Plaintiff's Motion for Certification of Settlement Class, Final Approval of a Class Action Settlement, and an Award of Attorneys' Fees, Reimbursement of Expenses and Service Awards (hereinafter "Ebbert Order"). Specifically, Defendants have not used best efforts to maintain equality between Police Communication Operators ("PCOs")/Police

2

Communication Operator Supervisors("PCOSs") and Fire Communication Technicians ("FCTs)/Fire Communication Technician Supervisors ("FCTSs").

8. Plaintiffs bring this action on their own behalves and on behalf of all County employees who were and continue not to receive payment for the performed overtime for all hours worked in excess of forty (40) hours per week. The members of this proposed collective and class action, including the Plaintiffs, are referenced as "Members".

## JURISDICTION AND VENUE

9. This Court's jurisdiction is based upon 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (Federal Questions). Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those derive from a common nucleus of operative facts.

10. Venue is appropriate under 28 U.S.C. § 1392(b)(2) (Substantial Part of the Events and Contacts), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district. In addition, Defendants regularly conduct business in this district and are subject to personal jurisdiction in this district.

## PARTIES

11. Plaintiff, Susan Chodkowski, is a resident of Nassau County and was employed as a Police Communications Operator ("PCO"), from April 12, 1996 until January 2004. Plaintiff Chodkowski has been employed as a Police Communications Operator Supervisor ("PCOS") since January 22, 2004. At all relevant times she has been an employee as defined by the FLSA, EPA, and NYLL.

12. Plaintiff, Helen Ebbert, is a resident of Nassau County and was employed as a PCO from December 1, 1989 until March 22, 2012 when she retired. At all relevant times she was an employee as defined by the FLSA, EPA and NYLL.

13. Plaintiff, Gary Volpe, is a resident of Wayne County, Pennsylvania and has been employed as a PCO since November 6, 1998. At all relevant times he has been an employee as defined by the FLSA, EPA and NYLL.

14. Plaintiff, Matthew Sarter, is a resident of Nassau County and has been employed as a PCO since March 8, 1999. At all relevant times he has been an employee as defined by the FLSA, EPA and NYLL.

15. Plaintiff, Wendy Neal, is a resident of Nassau County and has been employed as a PCO since November 20, 1991. At all relevant times she has been an employee as defined by the FLSA, EPA and NYLL.

16. Plaintiff, Deborah Pedenzin, is a resident of Nassau County and has been employed as a PCO since September 4, 2007. At all relevant times she has been an employee as defined by the FLSA, EPA and NYLL.

17. Plaintiff, Rosanna Lauro, is a resident of Nassau County and has been employed as a PCO since February 23, 2001. At all relevant times she has been an employee as defined by the FLSA, EPA and NYLL.

18. Plaintiff, Danielle Davidson, is a resident of Nassau County and had been employed as a Police Communications Operator ("PCO"), since December 2, 2003. At all relevant times she has been an employee as defined by the FLSA, EPA and NYLL.

19. Defendant, County of Nassau, is a municipal corporation duly incorporated under the laws of the State of New York.

4

20. Defendant, Nassau County Police Department, is the Agency of the County of Nassau to which PCOs and POCSs are assigned.

21. Defendant Civil Service Commission, is an agency of the County of Nassau and is responsible for the classification of county positions and establishment of compensation for county employees.

## COLLECTIVE ACTION

22. With respect to their Equal Pay Act ("EPA") claim, female Plaintiffs bring this action pursuant to 29 U.S.C. § 206(d) *et seq.*, on behalf of themselves and all other women similarly situated. The members of the class are all other women employed by the Nassau County Police Department as PCOs and/or PCOSs on or any time after three years prior to the commencement of this action.

23. With respect to their EPA claim, male Plaintiffs bring this action pursuant to 29 U.S.C. § 206(d) *et seq.,* on behalf of themselves and all other men similarly situated. The members of the class are all other men employed by the Nassau County Police Department as PCOs and/or PCOSs who will be adversely affected when the female plaintiffs have their salaries adjusted upwards to equalize with the Fire Communications ("FCOM") salaries.  Rather than having to bring a subsequent action, as they did after the initial *Ebbert* decision, efficiency and economy dictate that the male plaintiff class claims be litigated herein with the female plaintiffs' class claims.

24. With respect to their FLSA overtime claim, Plaintiffs bring this action pursuant to 29 U.S.C. § 206 *et seq.*, on behalf of themselves and all others similarly situated. The members of the class are all those employed by the Nassau County Police Department as PCOs and/or PCOSs on or any time after three years prior to the commencement of this action.

## FACTS

25. Plaintiffs work for defendant, Nassau County, specifically for the Nassau County Police Department ("NCPD"), as PCOs and PCOSs. Their duties include receiving telephone calls placed on the Nassau county 911 emergency system, deciding on the appropriate response to each call, and dispatching appropriate aid.

26. There are approximately 200 PCOs and PCOSs, of which over 90% are female.

27. The 1994 MOU 12-Hour Tour Agreement (hereinafter "1994 Agreement"), reached on January 26, 1994 and still effective presently, sets out the schedule which PCOs and PCOSs work.

28. The schedule set out the 1994 Agreement consists of a seven (7) week tour cycle.

29. During weeks one (1) through six (6), PCOs and PCOSs work a total of three, twelve hours shifts for a total of 36 hours per work week. However, in week seven (7), PCOs and PCOSs are mandated to work four, twelve hour shifts for a total of 48 hours per week.

30. This extra day every seventh week is a "Supplemental Day".

31. Plaintiffs are mandated to work a Supplemental Day, every seven weeks, which is contiguous to their normal tour.

32. During their employment, Plaintiffs regularly worked 48-hour work weeks every seventh week.

33. Plaintiffs were not paid overtime compensation when they worked more than 40 hours during the seventh week as a result of the Supplemental Day.

34. Plaintiffs were never paid one and a half times their regular rate of pay when they worked more than 40 hours during the seventh week as a result of the Supplemental Day.

6

35. Defendants were and continue to be aware of the fact that Plaintiffs work 48-hour work weeks as the 1994 Agreement was brought to the attention of Plaintiffs by the County during a meeting held on August 8, 2016 between the County and Union.

36. During the August 8, 2016 meeting, Plaintiff Volpe proposed to get rid of Supplemental Days as it is a violation of the Ebbert Order.

37. Defendants rejected this suggestion.

38. Additionally, Plaintiffs are not paid overtime compensation when they work more than 40 hours during a week due to mutuals and tour changes.

39. When Plaintiffs pay back a mutual or tour change beyond their current pay period, causing them to work beyond 40 hours in a subsequent pay period, they are not paid overtime compensation.

40. Fire Communications ("FCOM"), is an Agency of the County of Nassau to which Fire Communication Technicians ("FCTs") and Fire Communication Supervisors ("FCTSs") are assigned.

41. FCTs and FCTSs are located in the same facility as PCOs and PCOSs.

42. An overwhelming majority of FCTs and FCTSs are male.

43. In or about 2005, Helen Ebbert and several other female PCOs commenced a suit in Federal District Court under 05-CV-5445, seeking equalization of pay to the FCTs and FCTSs for all female PCOs and PCOSs retroactive to November 18, 1999. *See* Ebbert v. Nassau County, 05-CV-5445(FB)(AKT), 2009 WL 935812 (E.D.N.Y. Mar. 31, 2009).

44. That case resulted in the "Ebbert Order" which mandated that Defendants shall use best efforts to maintain equality between PCOs/PCOSs and FCTs/FCTSs.

45. The court in the *Ebbert* case also determined that PCOs/PCOSs and FCTs/FCTSs perform substantially the same work.

46. The net effect of *Ebbert* resulted in male PCOs/PCOSs being paid less than their female co-workers.

47. As a result, male PCOs/PCOSs had to bring their own EPA lawsuit to obtain parity with their female co-workers. *See* Volpe v. Nassau County, 915 F. Supp. 2d 284 (E.D.N.Y. 2013).

48. FCTs and FCTSs work a schedule that consists of three, twelve hour days per week.

49. FCTS and FCTSs are not subject to working Supplemental Days as are the PCOs/PCOSs.

50. Because FCTS and FCTSs are not mandated to work Supplemental Days, they are essentially compensated at a higher rate than PCOs and PCOSs, resulting in female PCOs and PCOSs being compensated at a lower rate for the same work performed by the predominately male FCOM employees.

51. Because Plaintiffs are mandated to work a Supplemental Day every seven weeks (7-8 Supplemental Days per year), Plaintiffs are deprived of the opportunity to work overtime on this day, whereas, FCOM employees are freely able to work an overtime shift.

52. In early 2016, the County and the Union entered into a Training MOU (hereinafter "2016 Training MOU"), which mandates that PCOs and PCOSs "exchange" a Supplemental Day for a Training Day.

53. When Plaintiffs "exchange" a Supplemental Day for a Training day, they work an additional twelve hours in the form of training and are not compensated at straight time nor at their overtime rate for these hours.

54. FCTs and FCTSs do not complete trainings on an "exchange" basis and are compensated at either straight time or overtime for their training sessions.

8

55. When PCOs and PCOSs were upgraded to a Grade 10 to attain parity between FCTs/FCTSs, the County imposed a condition of random drug testing on PCOs/PCOSs. FCTs and FCTSs are not subject to this condition.

## COUNT I
## FLSA Overtime Claim

56. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 55 above.

57. At all times relevant to this Complaint, the Defendants have been and continue to be an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

58. At all times relevant to this Complaint, the Defendants have "employed" Plaintiffs suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

59. Defendants' failures to pay overtime wages to Plaintiffs for such work violates the FLSA (29 U.S.C. §207).

60. Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiffs were not made in good faith within the meaning of the FLSA (29 U.S.C. § 260).

61. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

62. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and cost of litigation pursuant to 29 U.S.C. § 216(b).


## COUNT II
## NYLL Overtime Claim

63. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 62 above.

64. At all times relevant to this Complaint, Defendants were an "employer" of Plaintiffs within the meaning of the NYLL and the regulations pertaining thereto.

65. At all times relevant to this Complaint, Plaintiffs were an "employee" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

66. At all times relevant to this Complaint, Defendants employed Plaintiffs, suffering or permitting them to work within the meaning of NYLL and the regulations pertaining thereto.

67. Defendants failed to pay overtime premiums to Plaintiffs for all such work hours in excess of forty (40) hours per workweek, in violation of the NYLL and the regulations pertaining thereto.

68. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiffs' rights.

69. As a result of Defendants 'violation of the NYLL and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial along with liquidated damages, attorneys' fees and cost of litigation.

## COUNT III
### Violation of the Equal Pay Act

70. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 69 above.

71. At all times relevant to this Complaint, Defendants knowingly paid female Plaintiffs less than it paid male employees who performed equal work, in violation of the Equal Pay Act (29 U.S.C. § 206(d)(1)).

72. The Defendant's failure to pay female Plaintiffs the same rate of pay that it paid male employees who performed equal work was willful within the meaning of the Equal Pay Act.

73. The net effect of equalizing female PCOs/PCOSs with FCT/FCTSs will result in male PCOs/PCOSs being paid less than their female co-workers as was the result of the original *Ebbert* case. Therefore, the only remedy is to equalize the male PCOs/PCOSs at this time also, for the sake of efficiency and immediacy.  Otherwise, the male Plaintiffs would have to resort to commencing yet another suit, as they did in the *Volpe* case, after the *Ebbert* case was resolved as they will now be receiving a lower salary than their female counterparts.

74. As a result of Defendants 'violation of the EPA and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial along with liquidated damages, attorneys' fees and cost of litigation

**COUNT IV**
**Violation of the New York State Equal Pay Act**

75. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 74 above.

76. The acts, practices and policies of defendants Nassau County, Nassau County Police Department, and Nassau County Civil Service Commission, as set forth above, constitute ongoing discrimination against the individual female plaintiffs and plaintiff class in violation of the New York State Equal Pay Act, N.Y. Labor Law § 194 *et seq.*

77. Defendants' failure to pay female Plaintiffs the same rate of pay that it paid male employees who performed equal work was willful within the meaning of the New York State Equal Pay Act.

78. The net effect of equalizing female PCOs/PCOSs with FCT/FCTSs will result in male PCOs/PCOSs being paid less than their female co-workers as was the result of the original *Ebbert* case. Therefore, the only remedy is to equalize the male PCOs/PCOSs at this time also, for the sake of efficiency and immediacy.  Otherwise, the male Plaintiffs would have to

resort to commencing yet another suit, as they did in the *Volpe* case, after the *Ebbert* case was resolved as they will now be receiving a lower salary than their female counterparts.

79. As a result of Defendants 'violation of the NYLL and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial along with liquidated damages, attorneys' fees and cost of litigation

## COUNT V
### Breach of Order

80. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 79 above.

81. At all times relevant to this Complaint, Defendants knowingly violated the Ebbert Order by mandating that PCOs/PCOSs work Supplemental Days, by making Plaintiffs complete training on an "exchange" basis, imposing the condition of random drug testing on Plaintiffs, and depriving Plaintiffs of the opportunity to work overtime.

82. As a result of Defendants noncompliance with the Ebbert Order, Plaintiffs have incurred harm and loss in an amount to be determined at trial.

## COUNT VI
### Violation of Nassau County Government Law Section 1307

83. Plaintiffs repeat and reallege each allegation contained in paragraphs 1 through 82 above.

84. The acts, practices and policies of defendants Nassau County, Nassau County Police Department, and Nassau County Civil Service Commission, as set forth above, constitute ongoing discrimination against the individual plaintiffs and plaintiff class in violation of the Nassau County Government Law Section 1307.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(a) Designate this action as a collective and class action;

12

(b) Find that Defendants failed to pay Plaintiffs overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*;

(c) Find that Defendants failed to pay Plaintiffs overtime compensation in violation of the New York Labor Law ("NYLL") sections 650 *et seq.*;

(d) Find that Defendants discriminated against Plaintiffs in violation of the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*;

(e) Find that Defendants discriminated against Plaintiffs in violation of New York State Equal Pay Act, N.Y. Labor Law § 194 *et seq.*;

(f) Find that Defendants discriminated against plaintiffs in violation of Nassau County Government Law Section 1307;

(g) Enter a permanent injunction enjoining Defendants from violating the FLSA, EPA, NYLL and Ebbert Order by eliminating Supplemental Days, "exchange "training days and random drug testing;

(h) Exercise jurisdiction to equalize female PCOs/PCOSs with FCT/FCTSs and subsequently equalize male PCOs/PCOSs with the female PCOs/PCOSs;

(i) Award Plaintiffs the overtime monies owed to them with all other benefits to which Plaintiffs are entitled, with prejudgment interest;

(j) Award Plaintiffs liquidated damages due to Defendants' willful and intentional conduct directed at Plaintiffs in violation of rights protected by Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.;*

(k) Award Plaintiffs liquidated damages due to Defendants' willful and intentional conduct directed at Plaintiffs in violation of rights protected by N.Y. Labor Law § 650.;

(l) Award a tax bump up on any award to offset the tax consequences of a lump-sum

payment, calculated annually, in order to make each Plaintiff whole again. *See* Gulino v.

Bd. of Educ. of the City Sch. Dist. of the City of New York, 2016 WL 4129111, at *3

(S.D.N.Y. Aug. 3, 2016);

(m)  Award Plaintiffs reasonable attorney's fees, expenses and cost of this proceeding;

(n) And such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
       October 14, 2016

Law Offices of
Louis D. Stober, Jr., LLC
Attorneys for Plaintiffs
98 Front Street
Mineola, New York 11501
(516) 742-6546

## **VERIFICATION**

STATE OF NEW YORK          )
                                           : ss.:
COUNTY OF NASSAU        )

    Gary Volpe, being duly sworn deposes and says:

    I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.


                                *Gary Volpe*
                                Gary Volpe


Sworn to before me this
|⊢ day of October, 2016


Notary Public

DAWN S. CLARK
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CL5080085
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES JUN 16,

## VERIFICATION

STATE OF NEW YORK     )
                         : ss.:
COUNTY OF NASSAU     )

Helen Ebbert, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_Helen Ebbert_
HELEN EBBERT

Sworn to before me this
/ 2 day of October, 2016

_Debra A O'Conaell_
Notary Public

DEBRA A OCONNELL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OC6205550
Qualified in Nassau County
My Commission Expires May 11, 20 17

## VERIFICATION

STATE OF NEW YORK    )
                              : ss.:

COUNTY OF NASSAU    )

      Susan Chodkowski, being duly sworn deposes and says:

      I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.


                                       _____
                                       SUSAN CHODKOWSKI


Sworn to before me this
12 day of October, 2016


_Debra A. O'Connell_
Notary Public

DEBRA A OCONNELL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OC6205550
Qualified in Nassau County
My Commission Expires May 11, 20_17_

## **VERIFICATION**

STATE OF NEW YORK    )
                                  : ss.:

COUNTY OF NASSAU    )

Matthew F. Sarter, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
MATTHEW F. SARTER

Sworn to before me this
12 day of October, 2016

_____
Notary Public

DEBRA A OCONNELL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OC6205550
Qualified in Nassau County
My Commission Expires May 11, 20_17

## **VERIFICATION**

STATE OF NEW YORK )
                                     : ss.:
COUNTY OF NASSAU )

Wendy Neal, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_WENDY NEAL_

WENDY NEAL

Sworn to before me this
_10_ day of October, 2016

_Notary Public_
Notary Public

DAWN S. CLARK
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CL5080085
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES JUN 16,

## VERIFICATION

STATE OF NEW YORK     )
                               : ss.:

COUNTY OF NASSAU     )

Deborah Pedenzin, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

DEBORAH PEDENZIN

Sworn to before me this
12 day of October, 2016

Notary Public

DEBRA A O'CONNELL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OC6205550
Qualified in Nassau County
My Commission Expires May 11, 2017

## VERIFICATION

STATE OF NEW YORK )
                  : ss.:
COUNTY OF NASSAU  )

Rosanna Lauro, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

_____
ROSANNA LAURO

Sworn to before me this
12 day of October, 2016

_____
Notary Public

DEBRA A OCONNELL
NOTARY PUBLIC-STATE OF NEW YORK
No. 01OC6205550
Qualified in Nassau County
My Commission Expires May 11, 20_17

## **VERIFICATION**

STATE OF NEW YORK    )
                             : ss.:
COUNTY OF NASSAU    )

Danielle Davidson, being duly sworn deposes and says:

I am the plaintiff in the within action; I have read the annexed Summons and Complaint, know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

DANIELLE DAVIDSON

Sworn to before me this
11 day of October, 2016

Notary Public

DAWN S. CLARK
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CL5080085
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES JUN 16, 19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
SUSAN CHODKOWSKI, HELEN EBBERT,
GARY VOLPE, MATTHEW SARTER,
WENDY NEAL, DEBORAH PEDENZIN,
ROSANNA LAURO, DANIELLE
DAVIDSON and all others
similarly situated,

                        Plaintiffs,                               Index No.:

                                                          **COMPLAINT**
                                                            Jury Demanded on
                                                            all Counts

        -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
CIVIL SERVICE COMMISSION

                         Defendants.
-------------------------------------------------X

---

**COMPLAINT**

---

**Law Office of
LOUIS D. STOBER, JR., LLC
Attorneys for Plaintiffs
98 Front Street
Mineola, New York 11501
(516) 742-6546
(516) 742-8603 fax**