UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

SUSAN CHODKOWSKI, GARY VOLPE,
MATTHEW SARTER, WENDY NEAL,
DEBORAH PEDENZIN, ROSANNA LAURO,
DANIELLE DAVIDSON, and all others similarly
situated,

                               **Plaintiffs,**

               - against -

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU COUNTY
CIVIL SERVICE COMMISSION,

                             **Defendants.**

-------------------------------------------------------------X

**Case No.:16-cv-5770(GRB)(JMW)**

**<u>SETTLEMENT AGREEMENT</u>**
**<u>AND RELEASE</u>**

Subject to approval by the United States District Court for the Eastern District of New York, the Nassau County Legislature, and the Nassau County Interim Finance Authority (hereinafter, "NIFA") (if required), this Settlement Agreement and Release (hereinafter, "Settlement Agreement") is entered into between Plaintiffs Susan Chodkowski, Gary Volpe, Matthew Sarter, Wendy Neal, Deborah Pedenzin, Rosanna Lauro, and Danielle Davidson, on behalf of themselves and all others similarly situated, and Defendants the County of Nassau, Nassau County Police Department, and Nassau County Civil Service Commission.

## <u>RECITALS</u>

1. Plaintiffs Susan Chodkowski, Gary Volpe, Matthew Sarter, Wendy Neal, Deborah Pedenzin, Rosanna Lauro, and Danielle Davidson filed this Action, on behalf of themselves and all others similarly situated, in the United States District Court for the Eastern District of New York on October 17, 2016. An Amended Complaint was filed on February 16, 2017. A Second Amended Complaint was filed on December 1, 2017.

2. Defendants filed an Answer to each complaint, denying all liability under any of Plaintiffs' claims.

3. The Parties agree that bona fide disputes exist regarding Plaintiffs' claims.

## <u>CONDITIONAL CERTIFICATION</u>

4. On July 5, 2017, the Court conditionally certified this case as a collective action under the FLSA, 29 U.S.C. §216(b), on behalf of Plaintiffs and other similarly situated persons, defined as:

All Police Communications Operators and Police Communications Operator Supervisors who worked for the County of Nassau at any time during the time period of October 17, 2013 to present.

5. Between July 12, 2017 and October 6, 2017, Two Hundred and Thirty-Six (236) individuals opted into this Action. A complete list of all Opt-Ins, with employment status, is attached hereto as Exhibit A.

## SETTLEMENT NEGOTIATIONS

6. On December 11, 2020, the Parties attended a virtual mediation with attorney, Patrick (Michael) McKenna, a skilled mediator in complex wage-and-hour litigation.

7. The mediation lasted over eleven hours. While the Parties were unable to reach a complete agreement as to all settlement terms on the day of the mediation, the mediation was ultimately successful after several post-mediation discussions between the Parties.

8. Defendants denied and continue to deny all of the allegations embodied in this Action. Nonetheless, without admitting or conceding any liability or responsibility for damages, Defendants have agreed to settle this Action solely to avoid the burden, expense, and uncertainty of continued litigation.

9. Plaintiffs' counsel has thoroughly investigated the facts and diligently pursued discovery, including interviews with the Plaintiffs and an analysis of the wage-and-hour data produced by Defendants. Based on his independent investigation and evaluation of the facts and law relating to the claims asserted in this Action, including the risk of significant delay and Defendants' defenses, Plaintiffs' counsel believes this Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Plaintiffs and Opt-Ins.

10. Wherefore, subject to approval by the Court, the Nassau County Legislature, and NIFA (if required), the Parties have reached an agreement to settle this Action upon the terms and conditions set forth below.

## TERMS OF THE AGREEMENT

A. **Definitions Used in this Agreement**

11. "Action" means the civil action in the United States District Court for the Eastern District of New York entitled *Susan Chodkowski, et al. v. County of Nassau, et al.*, Case No. 16-cv-5770.

12. "Active Employees" means all Opt-Ins actively employed by the County of Nassau as of December 11, 2020. (See, Exhibit A, a complete list of all Opt-Ins, with employment status).

13. "Agreement" or "Settlement Agreement" shall mean this Settlement Agreement and Release.

14. "Approval Date" means the date the Court enters an order approving this Settlement.

15. "Approval Rate" means the rate of return of Consent/Release Forms from Opt-Ins required for the Settlement Agreement to become effective.

16. "Best Efforts" means that Plaintiffs' Counsel shall undertake all reasonable steps to ascertain an Opt-In's current mailing address, including, but not limited to, consultation with Defendants' Counsel, consultation with the New York State Pension System and consultation with the National Change of Address Database.

17. "Defendants" shall mean and include the County of Nassau, the Nassau County Police Department, and the Nassau County Civil Service Commission.

18. "Defendants' Counsel" shall mean Deanna D. Panico of Bee Ready Fishbein Hatter & Donovan, LLP.

19. "Effective Date" shall mean the date that the Settlement is approved by NIFA, if NIFA approval is required. If NIFA approval is not required, Effective Date shall mean the date that the Settlement is approved by the Nassau County Legislature.

20. "Inactive Employees" means all Opt-Ins separated from employment with the County of Nassau as of December 11, 2020. (See, Exhibit A, a complete list of all Opt-Ins, with employment status).

21. "MUD Days" shall mean the fourth 12-hour day scheduled to be worked within Week 7 of the seven week tour cycle as set forth in Paragraph 1 of the January 26, 1994 Memorandum of Understanding entered into by Nassau County and the CSEA.

22. "Opt-Ins" means and includes the Opt-Ins who filed an "Opt-In Consent Form" between July 12, 2017 and October 6, 2017. (See, Exhibit A, a complete list of all Opt-Ins, with employment status). The term Opt-Ins shall not include the Plaintiffs as defined below.

23. "Parties" shall mean the Plaintiffs, Opt-Ins and Defendants, as defined herein.

24. "Plaintiffs" shall mean the named Plaintiffs in the Action, Susan Chodkowski, Gary Volpe, Matthew Sarter, Wendy Neal, Deborah Pedenzin, Rosanna Lauro, and Danielle Davidson.

25. "Plaintiffs' Counsel" shall mean Louis D. Stober, Jr. of the Law Offices of Louis D. Stober, Jr., LLC.

26. "Released Claims" means any and all individual, class, or collective wage-and-hour claims that were or could have been brought based on the factual allegations contained in the Action, that occurred or are alleged to have occurred at any time through the Effective Date, including without limitations claims for unpaid wages, unpaid overtime compensation, penalties, liquidated damages, interest, attorneys' fees or expenses, and further including claims under the Fair Labor Standards Act and the New York State Labor Law. Released Claims also includes all grievances and administrative complaints related to the allegations raised in the Action.

Any claims brought by the Plaintiffs and Opt-Ins in *Arciello, et al. v. County of Nassau*, 16-cv-3974 and *Aliberti, et al. v. Nassau County*, 15-cv-07111, are excluded from the Released Claims.

The claims brought by the Plaintiffs and Opt-Ins in *Chodkowski, et al. v. County of Nassau*, 603925/2017; *Davidson, et al. v. County of Nassau*, 18-cv-1182; and *Abbananto, et al. v. County of Nassau*, 19-cv-01102 are not released in their entirety, however, Plaintiffs and Opt-Ins agree that upon receipt of their individual settlement payments, as set forth in Paragraph 60 below, the Plaintiffs have been compensated in full for all MUD Days worked during the Release Period. The Plaintiffs and Opt-Ins agree that they will not seek damages in *Chodkowski, et al. v. County of Nassau*, 603925/2017; *Davidson, et al. v. County of Nassau*, 18-cv-1182; and *Abbananto, et al. v. County of Nassau*, 19-cv-01102 related to MUD Days worked during the Release Period, including penalties, liquidated damages, interest, attorneys' fees and expenses in connection therewith, inasmuch as those alleged damages would be duplicative of the alleged damages for which the Plaintiffs and Opt-Ins are compensated herein.

27. "Released Parties" means the Defendants, their agencies, departments, officers, agents, employees, and their predecessors, successors and assigns.

28. "Release Period" shall mean the period beginning October 17, 2010 and ending on the Effective Date.

29. "Settlement" means the settlement of the Action described and defined by, and according to the terms of, the Agreement.

30. "Total Settlement Amount" means the amount of Three Million Dollars ($3,000,000.00). The Total Settlement Amount will cover the settlement payments to the Plaintiffs and Opt-Ins, including liquidated damages, penalties, interest, the proposed attorneys' fees, litigation costs and disbursements to Plaintiffs' Counsel, and the participation fees, as proposed by Plaintiffs' Counsel.

**B.**  **Settlement Amount and Allocation**

31. Total Settlement Amount. Subject to the terms and conditions of this Agreement, the total amount Defendant, County of Nassau will pay and/or make available for distribution, in final and complete settlement of this Action, is Three Million Dollars ($3,000,000.00).

The Total Settlement Amount will be paid and/or made available to Plaintiffs, Opt-Ins, and Plaintiffs' Counsel as determined by order of the Court, and shall be distributed in the manner set forth in Paragraphs 56-66 of this Settlement Agreement.

32. Tax Treatment of Individual Settlement Payments and Participation Fees. For the individual settlement payments made to the Plaintiffs and Opt-Ins, fifty percent (50%) of the amount(s) paid to each Plaintiff and Opt-In under this Agreement shall be reported as wages for the calendar year of payment to the appropriate taxing authorities on a Form W-2 issued to the Plaintiff and Opt-In with his or her taxpayer identification number, and shall be subject to deduction of the employee share of applicable taxes and withholdings as required by federal, state, and local law. This payment of back wages constitutes payment for allegedly unpaid overtime and for allegedly miscalculated overtime compensation. The remaining fifty percent (50%) of the amount(s) paid to each Plaintiff and Opt-In will be allocated to liquidated damages, interest and/or penalties and shall be reported as non-wage income for the calendar year of payment to the appropriate taxing authorities on a Form 1099 issued to the Plaintiffs and Opt-Ins. Any Participation Fee approved by the Court shall be treated as non-wage income for the calendar year of payment and reported by Defendant County of Nassau to the appropriate taxing authorities on a Form 1099.

33. Tax Treatment of Attorneys' Fees and Litigation Costs. Defendant County of Nassau will issue a Form 1099 to Plaintiffs' Counsel with respect to all attorneys' fees and litigation costs approved by the Court for distribution to Plaintiffs' Counsel.

34. The Parties acknowledge that, for purposes of retirement pay, the allocation of the back wages portion of the individual settlement payments referred to in Paragraph 32 above, are subject to final approval by the New York State and Local Retirement System (the "NYSLRS").

## RELEASE OF CLAIMS

35. **Release** In accordance with the terms of this Agreement, Plaintiffs and all Opt-Ins who sign and return a Consent and Release Form (collectively, "the Releasing Parties"), shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims. This release is intended to and shall be effective as a release of and bar to all Released Claims that have accrued as of the Effective Date.

36. **Release of Attorneys' Fees and Litigation Costs** Plaintiffs and Plaintiffs' Counsel agree that the payment of attorneys' fees and litigation costs to Plaintiffs' Counsel pursuant to this Agreement and as approved by the Court includes, satisfies, and extinguishes all claims for attorneys' fees and expenses recoverable in the Action. In consideration of such payment, Plaintiffs' Counsel releases and waives any and all claims to further attorneys' fees and expenses in connection with the Action.

## APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

37. **Cooperation** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, effectuate its terms, and cause the Action to be dismissed with prejudice.

38. **Fair, Adequate and Reasonable Settlement** The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

39. **Joint Motion for Court Approval of Settlement** Within five (5) business days after the execution of this Agreement, the Parties will jointly move the Court for approval of the Settlement and entry of an approval order granting approval of the Settlement as fair, adequate, and reasonable. If the Court does not issue an approval order, or decides to do so only with material modifications to the terms of this Agreement, or if the approval order is reversed or vacated by an appellate court, then this Agreement shall become null and void.

40. **Legislative Approval** After the Approval Date, Defendant County of Nassau will submit this Settlement Agreement to the Nassau County Legislature for legislative approval. If the Nassau County Legislature does not approve this Settlement Agreement, or decides to do so only with material modifications to the terms of this Settlement Agreement, then this Agreement shall become null and void. This Settlement shall not become effective unless and until it is approved by both the Nassau County Legislature and NIFA (if NIFA approval is required).

41. **NIFA Approval** If NIFA approval is required, after approval of the Settlement Agreement by the Nassau County Legislature, Defendant County of Nassau will submit this Settlement Agreement to NIFA for approval. If NIFA does not approve this Settlement Agreement, or decides to do so only with material modifications to the terms of this Settlement Agreement, then this Agreement shall become null and void. This Settlement shall not become effective unless and until it is approved by both the Nassau County Legislature and NIFA.

42. **Dismissal of the Action With Prejudice** Subject to and conditioned upon approval of this Settlement by the Court, the Nassau County Legislature, and NIFA (if NIFA approval is required), Plaintiffs and Plaintiffs' Counsel agree that this Action shall be dismissed with prejudice as to all Released Parties and all Released Claims with all Parties responsible for their own costs and attorneys' fees, except as otherwise specifically provided in this Agreement. Contemporaneously with the execution of this Agreement, counsel for the Parties shall execute a stipulation dismissing the instant Action, with prejudice, pursuant to Fed. R. Civ. Proc. 41(a) ("Stipulation of Dismissal").

## SETTLEMENT ADMINISTRATION FOR ACTIVE EMPLOYEES

43. Distribution of Notice to Active Employees Via Personal Email and Hand Delivery.[1] Within seven (7) calendar days after the Effective Date, Plaintiffs' Counsel shall distribute, via hand delivery and personal email, the proposed Notice (Exhibit B), with its attached Consent and Release Form, to all Plaintiffs and Opt-Ins who are Active Employees of the County of Nassau. The Notice shall inform the Opt-Ins of their eligibility to participate in the Settlement by signing and returning Consent and Release Forms along with completed W-4 and W-9 Forms, as well as the amount of their respective Individual Payment if they do so.

44. First Mailing of Notice. Within thirty (30) calendar days after the Effective Date, Plaintiffs' Counsel will mail the proposed Notice (Exhibit B), with its attached Consent and Release Form, to any Active Employee Opt-Ins from whom Plaintiffs' Counsel has not received a signed Consent and Release Form through the email and hand delivery method.

45. Undeliverable Notices. If a Notice sent to an Active Employee Opt-In is returned as undeliverable, Plaintiffs' Counsel will promptly undertake Best Efforts to determine the Active Employee Opt-In's current mailing address.

46. Second Mailing of Notice. If an additional mailing address is located for an Active Employee Opt-In whose Notice was returned as undeliverable, Plaintiffs' Counsel will resend the Notice to that Active Employee Opt-In at the updated address.

47. Consent Deadline. The Consent Deadline for Active Employee Opt-Ins shall be sixty (60) calendar days after the Effective Date or, in the case of an Active Employee Opt-In for whom a first Notice was returned as undeliverable and an additional address was found, sixty (60) calendar days after the Second Mailing of Notice to that Active Employee Opt-In. Active Employee Opt-Ins will only be entitled to receive their individual settlement payments if they sign and return the Consent and Release Form on or before the Consent Deadline.

## SETTLEMENT ADMINISTRATION FOR INACTIVE EMPLOYEES

48. Distribution of Notice to Inactive Employees. Within seven (7) calendar days after the Effective Date, Plaintiffs' Counsel will mail the proposed Notice (Exhibit B), with its attached Consent and Release Form, to all Opt-Ins who are Inactive Employees of the County of Nassau. The Notice shall inform the Opt-Ins of their eligibility to participate in the Settlement by signing and returning Consent and Release Forms along with completed W-4 and W-9 Forms, as well as the amount of their respective Individual Payment if they do so.

---

[1] In the joint motion seeking judicial approval of the Settlement Agreement, the Parties shall seek approval from the Court to distribute the Notice and the Consent and Release Forms via personal email and hand delivery, and to have them returned in the same manner. If judicial approval is not granted in this regard, distribution and returns shall be by regular mail as set forth in the remainder of this Section.

49. Undeliverable Notices. If a Notice sent to an Inactive Employee Opt-In is returned as undeliverable, Plaintiffs' Counsel will promptly undertake Best Efforts to determine the Opt-In's current mailing address.

50. Second Mailing of Notice. If an additional mailing address is located for an Inactive Employee Opt-In whose Notice was returned as undeliverable, Plaintiffs' Counsel will resend the Notice to that Inactive Employee Opt-In at the updated address by certified mail, return receipt requested. Plaintiffs' Counsel shall provide Defendants' Counsel with tracking information for all certified mail sent pursuant to this Paragraph.

51. The Consent Deadline for Inactive Employee Opt-Ins shall be sixty (60) calendar days after the First Mailing of Notice or, in the case of an Inactive Employee Opt-In for whom the first Notice was returned as undeliverable and an additional address was found, sixty (60) calendar days after the Second Mailing of Notice to that Inactive Employee Opt-In. Inactive Employee Opt-Ins will only be entitled to receive their individual settlement payments if they sign and return a Consent and Release Form on or before the Consent Deadline.

### APPROVAL RATE

52. **Approval Rate** If 5% or more Opt-Ins fail to sign and return a Consent and Release Form (Exhibit B), Defendants shall have the right to revoke and terminate this Settlement Agreement.

53. With respect to Inactive Employee Opt-Ins for whom the original mailing was returned as undeliverable, if, after resending Notice of the settlement, with the attendant Consent and Release Form, by certified mail, return receipt requested, delivery is not confirmed, then that Inactive Employee Opt-In shall not count toward the Approval Rate.

54. In all other circumstances, the failure by an Opt-In (whether an Active Employee or Inactive Employee) to return a signed Consent and Release Form shall be considered in determining whether the requisite Approval Rate has been met.

55. Untimely Consent Forms. If an Opt-In attempts to participate in the Settlement by returning a Consent and Release Form after the Consent Deadline, Defendants may, in their sole discretion, accept the untimely Consent Form or refuse to do so.

### DISTRIBUTION OF SETTLEMENT FUND

56. Within seven (7) calendar days following the last Consent Deadline or upon receipt by Plaintiffs' Counsel of 100% of all Consents and Releases, whichever is earlier, Plaintiffs' Counsel shall provide to Defendants' Counsel an Opt-In Report which shall: (1) identify all Plaintiffs and Opt-Ins, (2) identify whether the Plaintiff/Opt-In is an Active Employee or Inactive Employee, (3) identify whether the Plaintiff/Opt-In returned the Consent and Release Form, (4) identify the method of returned delivery (i.e., was it returned via email,

regular mail, or hand delivery), (5) identify the settlement payment amount for each Plaintiff/Opt-In. If an Inactive Employee Opt-In was contacted via certified mail, that information should be included within the Opt-In Report as well, along with the respective tracking information.

57. With the Opt-In Report, Plaintiffs' Counsel shall produce to Defendants' Counsel all received W-4 and W-9 Forms.

58. With the Opt-In Report, Plaintiffs' Counsel shall provide to Defendants' Counsel a copy of all signed Consent and Release Forms and proof that the Consent and Release Forms were submitted on or before the Consent Deadline. Defendants' Counsel will review the signed Consent and Release Forms and the proof of timeliness produced therewith. Defendants' Counsel will cooperate in good faith to resolve any timeliness issues within seven (7) calendar days after Defendants' Counsels' receipt of the signed Consent and Release Forms and proof of timeliness.

59. With the Opt-In Report, Plaintiffs' Counsel shall produce proof of any and all mailings returned as undeliverable.

60. Distribution of Individual Settlement Payments. Within ninety (90) days after receipt by Defendants' Counsel of the Opt-In Report, and in accordance with the Court's order regarding allocation of the Total Settlement Amount, Defendant County of Nassau shall issue individual payments from the Total Settlement Amount to all Plaintiffs and Opt-Ins who signed and returned a Consent and Release Form, as set forth in the Opt-In Report.

61. Payment of Participation Fees. Within ninety (90) days after receipt by Defendants' Counsel of the Opt-In Report, Defendant County of Nassau shall issue participation fee payments from the Total Settlement Amount to Susan Chodkowski, Matthew Sarter, James Delahunty, Danielle Davidson, Wendy Neal, Deborah Pedenzin, and Rosanna Lauro, in accordance with the Court's order regarding allocation of the Total Settlement Amount.

62. Payment of Attorneys' Fees. Within ninety (90) days after receipt by Defendants' Counsel of the Opt-In Report, Defendant County of Nassau shall issue payment for attorneys' fees from the Total Settlement Amount to Plaintiffs' Counsel in accordance with the Court's order regarding allocation of the Total Settlement Amount.

63. Checks to all Plaintiffs and all Opt-Ins shall remain negotiable for ninety (90) calendar days but shall be deemed cancelled thereafter.

64. Once the 90-day negotiability period has elapsed for all outstanding checks, Defendants' Counsel shall file the Stipulation of Dismissal.

65. Whether as a result of a Plaintiffs or Opt-Ins failure to return a Consent and Release Form, or a Plaintiffs or Opt-Ins failure to deposit a check, any unclaimed/remaining funds leftover from the Total Settlement Amount, shall revert to the Defendant County of

Nassau. Plaintiffs and Plaintiffs' Counsel shall have no rights or claims as to the unclaimed portions of the Total Settlement Amount.

66. With respect to any Opt-In who fails to return a signed Consent and Release Form, the claims of that Opt-In shall be dismissed from this Action without prejudice. Plaintiffs' Counsel agrees that upon dismissal of this Action, pursuant to the Stipulation of Dismissal, Plaintiffs' Counsel no longer represents any Opt-In who has failed to return a signed Consent and Release Form and Plaintiffs' Counsel agrees that he will not do so in the future with respect to the claims brought in this Action.

## NO ADMISSION

67. Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants deny any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

68. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

## MODIFICATION

69. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court.

## WAIVERS, ETC. TO BE IN WRITING

70. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

## BINDING ON ASSIGNS

71. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

72. This Settlement Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## SEVERABILITY

73. Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

## NO WAIVER

74. The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions. Moreover, it shall not be a waiver of such Party's right thereafter to enforce each and every term and condition of this Agreement.

## GOVERNING LAW

75. This Settlement Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

## EXTENSION OF TIME

76. The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

## EXECUTION BY PARTIES AND COUNSEL

## NAMED PLAINTIFFS

Dated: July 20 , 2021

Susan Chodkowski

Plaintiff

Page 11 of 14

Dated: _7/20_, 2021

Gary Volpe

_Benjamin Musto_, Executor

Plaintiff

Dated: _7/20_, 2021

Matthew Sarter

Plaintiff

Dated: _7/20_, 2021

Wendy Neal

Plaintiff

Dated: _7/20_, 2021

Deborah Pedenzin

Plaintiff

Dated: _7/20_, 2021

Rosanna Lauro

Plaintiff

Dated: _7/20_, 2021

Danielle Davidson

Plaintiff

Dated: _7/20_, 2021

PLAINTIFFS' COUNSEL

Louis D. Stober, Jr., Esq.
Law Offices Louis D. Stober, Jr., LLC
98 Front Street
Mineola, New York 11501
Tel.: (516) 742-6546

**DEFENDANTS**

Dated: _July 21_, 2021

County of Nassau
Nassau County Police Department, and
Nassau County Civil Service Commission

_____
John Chiara, Esq.
Acting County Attorney
Office of the Nassau County Attorney
1 West Street
Mineola, New York 11501
Tel.: (516) 571-3056

**DEFENDANTS' COUNSEL**

Dated: _July 21_, 2021

_____
Deanna D. Panico, Esq.
Bee Ready Fishbein Hatter & Donovan, LLP
170 Old Country Road
Mineola, New York 11501
Tel.: (516) 746-5599

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SUSAN   CHODKOWSKI,   GARY   VOLPE,
MATTHEW SARTER, WENDY NEAL, DEBORAH
PEDENZIN,   ROSANNA   LAURO,   DANIELLE      Case No.:16-cv-5770(GRB)(JMW)
DAVIDSON, and all others similarly situated,

                            Plaintiffs,                **STIPULATION OF DISMISSAL**
                                                       **WITH PREJUDICE**

          - against -

COUNTY   OF   NASSAU,   NASSAU   COUNTY
POLICE DEPARTMENT, NASSAU COUNTY CIVIL
SERVICE COMMISSION,

                            Defendants.
------------------------------------------------------------------------X

     **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the
above captioned action, through the undersigned counsel, that, in accordance with Rule 41 of the
Federal Rules of Civil Procedure, the action be dismissed with prejudice and without costs,
disbursements or attorneys' fees (other than those specified in the Settlement Agreement).

Dated: Mineola, New York          Dated: Mineola, New York
      July 20, 2021               July **21**, 2021

**Law Offices Louis D. Stober, Jr., LLC**    **Bee Ready Fishbein Hatter & Donovan, LLP**
*Attorneys for Plaintiffs*          *Attorneys for Defendants.*

By: _____      By: _____
    Louis D. Stober, Jr.           Deanna D. Panico, Esq.
    98 Front Street             170 Old Country Road
    Mineola, New York 11501      Mineola, New York 11501
    Tel.: (516) 742-6546         Tel.: (516) 746-5599

So Ordered:

_____
U.S.D.J.

# EXHIBIT A

After subtracting the service award and attorneys' fees from the settlement, there is $1,960,000 to be distributed to the Plaintiffs and Opt-ins. The methodology for paying the damages is as follows:

Chodkowski Lawsuit Settlement Breakdown (the complete individual breakdown is annexed to the Stipulation of Settlement as Exhibit A)
Settlement – $3,000,000.00
Attorney's fees and litigation costs – $900,000.00
Service fees – $140,000.00
Separated members and short term members with no MUD days fees – $299,970.00
Remaining amount for Active members – $1,659,950.00
_____
The separated members/short term members $299,970 was divided as follows:
Retirees 2019:  8 for a total of $39,500
Retirees 2020: 10 for a total of $83,000
Long Term Retirees: 39 for a total of $127,920
Extended leave/off payroll: 5 for a total of $26,000
Less than 2 years on the job: 11 for a total of $550
BD & ABD: 2 for a total of $23,000

The rest of the members $1,659,950 (closest we could come to equaling out the $1,659,950) were divided into 6 groups based on years of service. This was the same formula used in a prior settlement of monies owed to the PCOs and PCOSs in a different litigation.
Group A: 23+ years: 48 for a total of $624,000
Group B: 19-22 years: 19 for a total of $228,000
Group C: 14-18 years: 34 for a total of $374,000
Group D: 9-13 years: 11 for a total of $99,000
Group E: 5-8 years: 43 for a total of $328,950
Group F:  4 years:  6 for a total of $6,000

# GRAND TOTALS

| | | # OF OPT-INS |
|---|---:|---:|
| GROUP A | $ 624,000 | 48 |
| GROUP B | $ 228,000 | 19 |
| GROUP C | $ 374,000 | 34 |
| GROUP D | $ 99,000 | 11 |
| GROUP E | $ 328,950 | 43 |
| GROUP F | $ 6,000 | 6 |
| | | |
| TOTAL | $ 1,659,950 | |
| | | |
| EXTENDED LEAVE/OFF PAYROLL | $ 26,000 | 5 |
| RETIRED 2020 | $ 83,000 | 10 |
| RETIRED 2019 | $ 39,500 | 8 |
| LONG TERM RETIREES | $ 127,920 | 39 |
| WORKED LESS THAN 2 YEARS | $ 550 | 11 |
| BD - ABD | $ 23,000 | 2 |
| | | |
| TOTAL | $ 299,970 | |
| | | |
| ATTORNEY'S FEES | $ 900,000 | |
| SERVICE AWARD | $ 140,000 | |
| | | |
| TOTAL | $ 1,040,000 | |
| | | |
| | | |
| GRAND TOTAL | $ 2,999,920 | |
| | | |
| TOTAL OPT-INS | | 236 |

# ACTIVE EMPLOYEES

# GROUP A

| 23+ Years | 1998 & Before | $       13,000 |
|---|---|---|
| Abriola, Diane | | |
| Blanc, Richard | | |
| Brandimarte, Christopher | | |
| Carson, Deborah | | |
| Chodkowski, Susan | | |
| Cole, Maureen | | |
| Collins, Patricia | | |
| Conti, Robert | | |
| Conticelli, Doreen | | |
| Croce, Christine | | |
| Delahunty, James | | |
| Edwards, Pamela | | |
| Feldman, Esther | | |
| Ferguson, Denise | | |
| Gaddist, Jan | | |
| Halpin, Chris | | |
| Harvey, Natasha | | |
| Klecka, Paul | | |
| Kogler, Lisa | | |
| Lennon, Chauna | | |
| Lesser, Frances | | |
| Marvelli, Janette | | |
| Minneci, Isabella | | |
| Muro, Wendy | | |
| Nadolny, Carol | | |
| Neal, Wendy | | |

# GROUP A

| | | |
|---|---|---|
| Niedfeld, Charlene | | |
| Nilsen, Kathleen | | |
| Porterfield, Roberta | | |
| Radzewsky, Paul | | |
| Resnick, Patricia | | |
| Robinson, Geraldine | | |
| Russ, John | | |
| Russ, Kathy | | |
| Sarter, Matthew | | |
| Schmid, Lisa | | |
| Scurry, Margaret | | |
| Seda, Miriam | | |
| Singleton, Lynn | | |
| Smith, Susannah | | |
| Spae, Michael | | |
| Sperber, Joe | | |
| Thursland, Alfred | | |
| Tricario, Dawn | | |
| Velez, Dianne | | |
| Vitiello-Barton, Diana | | |
| White, Steven | | |
| Wittemann, Donna | | |
| | | |
| **48** | | **$        624,000** |

# GROUP B

| 19-22 YEARS | 1999-2002 | $ 12,000 |
|---|---|---|
| Abraham, Jennifer | | |
| Bezmen, Suzanne | | |
| Blum, Kenneth | | |
| Burkitt, Heather | | |
| Butcher, Nancy | | |
| Chappina, Susan | | |
| Daniel, Louise | | |
| Donohue, Danielle | | |
| Lauro, Rosanna | | |
| Love, Kathleen | | |
| Lucke, Grace | | |
| Montgomery, Tracy | | |
| Piard-Labrador, Cindy | | |
| Santo, Janet | | |
| Scalisi, Gayle | | |
| Scharf, Tracy | | |
| Stuart, Cynthia | | |
| Turner, Jeanne | | |
| West, Dawn | | |
| | | |
| 19 | | $ 228,000 |

# GROUP C

| __14-18 YEARS__ | 2003-2007 | $       11,000 |
|---|---|---|
| Brescia, Barbara Ann | | |
| Buckley, Phyllis | | |
| Butera, Patricia | | |
| Calise, Beatrice | | |
| Carrigan, Joanne | | |
| Cellucci, Margaret | | |
| Citrin, June | | |
| Clark, Dawn | | |
| Connolly, Sean | | |
| Conway, Maureen | | |
| Courtney, Annemarie | | |
| Davidson, Danielle | | |
| Davison, Tabitha | | |
| Dunn, Therese | | |
| Everoski, Lisa | | |
| Garsko-Wilson, Lisa | | |
| Glamkowski, Alexa | | |
| Kmiotek, Brian | | |
| Kramer, Scott | | |
| Lembo, Elizabeth | | |
| Pedenzin, Deborah | | |
| Pennington, Sandra | | |
| Perlungher, Erika | | |
| Quinn, Angela | | |
| Ray, Kristine | | |
| Sarter, Sarina | | |

# GROUP C

| | | |
|---|---|---|
| Schill, Susan | | |
| Sferrazza, Kristen | | |
| Smith, Kimberly | | |
| Stack, Jessica | | |
| Stone-Evans, Brigette | | |
| Tabone, Amy | | |
| Vogt, Constance | | |
| Wilkinson, Keri | | |
| | | |
| **34** | | $ **374,000** |

# GROUP D

| 9-13 YEARS | 2008-2012 | $ 9,000 |
|---|---|---|
| Camacho, Robert | | |
| Falco, Stacy | | |
| Fries, Theresa | | |
| Grandazza, Kathleen | (Lazewski, Kathleen) | |
| Helicher, Jennifer | | |
| Jimenez, Theresa | | |
| Lauro-Garcia, Rosemarie | | |
| Pearsall, Kelly | | |
| Quagliara, Doris | | |
| Sibilla, Rosemary | | |
| Tracy, Kathleen | | |
| | | |
| 11 | | $ 99,000 |

# GROUP E

| 5-8 YEARS | 2013-2016 | $ | 7,650 |
|---|---|---|---|
| Abbananto, Renee | | | |
| Aguilar, Amadeo | | | |
| Bacigalupo, Tami | | | |
| Belvedere, Jocelyn | (Hebert, Jocelyn) | | |
| Bowman, Michael | | | |
| Bury, Jason | | | |
| Calabrese, Michelle | | | |
| Carroll, Courtney | | | |
| Carver, Shauna | | | |
| Clappi, JoAnn | | | |
| Desimpliciis, Diana | | | |
| Dowling, Diana | | | |
| Durkin, Christine | | | |
| Foster, Allison | | | |
| Gerner, Caitlin | (Trupiano, Caitlin) | | |
| Greenwood, Tracey | | | |
| Heaney, AnneMarie | | | |
| Hoffmann, Amie | | | |
| James-Nealon, Kathleen | | | |
| Jamison, Gail | | | |
| Jimenez, Sandra | | | |
| Jones, Timothy | | | |
| Kelly, Kathleen | | | |
| Lagudi, Mary | | | |
| Lardi, Michelle | | | |
| Marino, John | | | |

# GROUP E

| | | |
|---|---|---|
| Martucci, Kelly | | |
| McGovern, Kelly | | |
| Mehr, Michael | | |
| Moder, Marissa | | |
| Mormino, Jacquelyn | | |
| Murphy, Danna | | |
| Nellen, Alexandra | | |
| Reid, Barbara | | |
| Robertson, Kelly | | |
| Rowe-Daley, Jasmine | | |
| Saciolo, Kristen | | |
| Smith, Laura | | |
| Sullivan, Lorri | | |
| Talisaysay, Philip | | |
| Tobin, Elizabeth | | |
| Wagner, Laureen | | |
| Zegadlo, Miriam | | |
| | | |
| **43** | | **$    328,950** |

## GROUP F

| 4 YEARS | 2017 | $ 1,000 |
|---|---|---|
| Anderson, Danielle | | |
| Barton, Rosemarie | | |
| Carver, Kerry | | |
| Cast, Barbara Ann | | |
| Langstrand, Shannon | | |
| McDermott, Alyson | | |
| | | |
| 6 | | $ 6,000 |

# INACTIVE EMPLOYEES

# EXTENDED LEAVE/OFF PAYROLL

| Extended Leave/Off Payroll | | | |
|---|---|---|---|
| Group A | Sheahan, Tobey (returned) | $ | 10,000 |
|  | Bartow, Gregory | $ | 4,500 |
| Group B | Houck, Gerald | $ | 4,000 |
|  | Murray, Lisa | $ | 4,000 |
| Group C | Seales, Kelly | $ | 3,500 |
|  |  |  |  |
| **5** | **Total** | **$** | **26,000** |

# RETIRED 2020

| **Retired 2020** | | | |
|---|---|---|---|
| Group A | Capicchioni, Francine | $ | 10,000 |
| | Carter, Yvette | $ | 10,000 |
| | Hearon, Kathy | $ | 10,000 |
| | Rollerson, Valorie | $ | 10,000 |
| Group B | Giovanniello, Diane | $ | 9,000 |
| Group C | Crombie, Lois | $ | 8,000 |
| | Greene, Robin | $ | 8,000 |
| | Weiss, Bridgette | $ | 8,000 |
| Group E | Soehner, William | $ | 5,000 |
| | Garrity, Kimberly | $ | 5,000 |
| | | | |
| **10** | **Total** | **$** | **83,000** |

# RETIRED 2019

| Retired 2019 | | |
|---|---|---|
| **Group A** | **Barker, Margaret** | $ 5,000 |
| | **Bohm, Kathleen** | $ 5,000 |
| | **Dunlap, Ginger** | $ 5,000 |
| | **Ferguson, Susan** | $ 5,000 |
| | **Pearsall, Elaine** | $ 5,000 |
| | **Tony, Bethea** | $ 5,000 |
| | **Volpe, Gary** | $ 5,000 |
| **Group B** | **O'Malley, Arlene** | $ 4,500 |
| | | |
| **8** | **Total** | **$ 39,500** |

# LONG TERM RETIREES

| Long Term Retirees | | |
|---|---|---|
| Atchison, Patricia | $ | 3,280 |
| Borchick, Maureen | $ | 3,280 |
| Callahan, Doreen | $ | 3,280 |
| Callahan, Patricia | $ | 3,280 |
| Conklin, Lori | $ | 3,280 |
| Dunn, Kathy | $ | 3,280 |
| Esposito, Arlene | $ | 3,280 |
| Furey, Ann | $ | 3,280 |
| Gawrych, Janet | $ | 3,280 |
| Graziose, Donna | $ | 3,280 |
| Guiry, Thomas | $ | 3,280 |
| Gullans, Roseanne | $ | 3,280 |
| Keely, Moira | $ | 3,280 |
| Keeshan, Kathy | $ | 3,280 |
| Kelleher, Diane | $ | 3,280 |
| Krystopher, Lynda | $ | 3,280 |
| Lang, Lois | $ | 3,280 |
| Lynch, Theresa | $ | 3,280 |
| Maresco, Arlene | $ | 3,280 |
| Mazza, Maritza | $ | 3,280 |
| McKnight, Jewel | $ | 3,280 |
| Miller, Diane J | $ | 3,280 |
| Miller, Diane L | $ | 3,280 |
| Miller, Diane M | $ | 3,280 |
| Murray, Linda | $ | 3,280 |
| O'Sullivan, Dorothy | $ | 3,280 |

# LONG TERM RETIREES

|  |  |  |  |
|---|---|---|---|
|  | Pescatore, Gerlynda | $ | 3,280 |
|  | Pierson, Loretta | $ | 3,280 |
|  | Roberts, Natalie | $ | 3,280 |
|  | Robinson, Marion | $ | 3,280 |
|  | Scarlett, Jane | $ | 3,280 |
|  | Schroeder, Lois | $ | 3,280 |
|  | Spencer, Jane | $ | 3,280 |
|  | Stanley, Nancy | $ | 3,280 |
|  | Stevenson, Maureen | $ | 3,280 |
|  | Todd, Constance | $ | 3,280 |
|  | Walton, Jacquelyn | $ | 3,280 |
|  | Watts, Elizabeth | $ | 3,280 |
|  | Werner, Nancy | $ | 3,280 |
|  |  |  |  |
| 39 | Total | $ | 127,920 |

# WORKED LESS THAN 2 YEARS

| Worked Less Than 2 Years | | | |
|---|---|---|---|
| | Corbin, Jennifer | $ | 50 |
| | Cosciatta, Cheryl | $ | 50 |
| | Greco, Margaret | $ | 50 |
| | Hartje, Eric | $ | 50 |
| | Hegmann, Donna | $ | 50 |
| | Longsworth, Natalie | $ | 50 |
| | Mangibin, Maria | $ | 50 |
| | McCauley, James | $ | 50 |
| | Militello, Theresa | $ | 50 |
| | Reuther, Diane | $ | 50 |
| | Tenreiro, Denise | $ | 50 |
| | | | |
| 11 | Total | $ | 550 |

# BD ABD (SENIORITY W/ REDUCTIONS)

| BD & ABD (Seniority w/reductions) | | | |
|---|---|---|---|
| Group A | Chaffee-Davis, Debra | $ | 12,500 |
| Group C | Brohm, Karen | $ | 10,500 |
| | | | |
| **2** | **Total** | **$** | **23,000** |